UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

JAMES L. WALKER,

    Plaintiff,

V.

J.C. STREEVAL, *et al.*,

    Defendants.

Civil Action No. 0: 19-124-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff James L. Walker (aka, "James L. – Walker: Bey") is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-Ashland in Ashland, Kentucky. Proceeding without an attorney, Walker has filed a civil rights action against prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1]

By separate order, the Court has granted Walker's motion to proceed without prepayment of the filing fee. [R. 9] Thus, the Court must conduct a preliminary review of Walker's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

The allegations of Walker's complaint are set forth in a somewhat rambling and disjointed narrative, thus they are not entirely clear. However, from what the Court is able to ascertain, his claims mainly concern the payment of the restitution imposed in his criminal case. He first alleges that the Bureau of Prisons ("BOP") does not have the authority to schedule Walker's criminal restitution payments, as that authority cannot be delegated to the BOP. [R. 1 at p. 2] He also states

that the imposition of sanctions against Walker for failure to acquiesce in the BOP's Inmate Financial Responsibility Program ("IFRP") payment schedule is not in accordance with the law. [*Id.*] He states that he rescinded "any and all Contracts and Signatures Concerning the IFRP," explaining to the Unit Team that participation in the IFRP is voluntary and not mandatory, and that the Judge who sentenced him, United States District Court Judge Ronald A. Guzman "did not state at the sentencing hearing for the Plaintiff to start making payments on Restitution while incarcerated." [*Id.* at p. 5] He then claims that his restitution payments were "unlawfully rescheduled" from $25.00 every three months to $50.00 per month. [*Id.* at p. 5] He also makes fleeting references to retaliation, discrimination, abuse, white supremacy, Jim Crow laws, an allegedly frivolous incident report that he claims that he was forced and coerced into signing, due process, and equal protection. [*Id.* at p. 5-8] The factual and legal basis for his claims is not entirely clear, but his complaint refers to violations of his rights under the First, Fifth, and Eighth Amendments, as well as his Equal Protection rights. [*Id.*] He seeks to pursue these claims against twenty-one different individual defendants (including various BOP administrative officials, as well as administrative officials and Correctional Officers at FCI-Ashland) and seeks various forms of injunctive relief (including an order prohibiting retaliation against him, prohibiting his placement in protective custody, and/or prohibiting his transfer to another institution), a criminal investigation of the individual defendants, removal of sanctions placed on Walker, and monetary damages totaling over $18 million. [*Id.* at p. 1-4; 12-18]

A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F. 3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed

factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Twombly*, 550 U.S. at 555-56. In addition, the Court evaluates Walker's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). The Court is not required to create a claim for the plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. CIV A 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted).

With these standards in mind, the Court has reviewed Walker's complaint and concludes that it must be dismissed. The only substantive factual allegations of Walker's complaint concern his restitution payments. Specifically, Walker claims that the BOP does not have the authority to schedule Walker's restitution payments; that the BOP does not have authority to "impose sanctions" against him for his failure to participate in the BOP's IFRP; and that Judge Guzman did not order Walker to start making restitution payments while he was still incarcerated. However, all of these claims are without merit.

First, Walker's repeated insistence that Judge Guzman did not order him to make restitution payments immediately is directly contradicted by the record in Walker's criminal case.[1] On October 24, 2012, pursuant to a plea agreement with the United States, Walker pled guilty in the United States District Court for the Northern District of Illinois to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and 2. *United States v. Walker*, No. 1:10-cr-110-2 (N.D. Ill. 2010) at R. 145. On October 22, 2012, Walker was sentenced by Judge Guzman to a term of imprisonment of 78 months on each of the bank robbery counts (to run concurrently to each other) and 84 months on the brandishing a firearm count (to run consecutively to the bank robbery terms). *Id*. at R. 167. Judge Guzman also ordered Walker to make restitution to Fifth Third Bank in the amount of $22,462.00. *Id*. The Judgment included a Schedule of Payments, requiring Walker to make a "[l]ump sum payment of $22,762.00 *due immediately*,"[2] although further providing that Walker "shall make monthly payments of a minimum of ten percent of his net monthly income as directed by the Probation Office." *Id*. at p. 6 (emphasis added). The Judgment specifically explained that "[u]nless the court has expressly ordered otherwise,[3] if this judgment imposes imprisonment, payment of criminal monetary penalties *is due during imprisonment*. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court." *Id*. (emphasis added). Walker did not appeal his conviction or sentence.

---

[1] The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).
[2] The Judgment also imposed a $300.00 assessment, in addition to the $22,462.00 restitution.
[3] Judge Guzman did not order otherwise.

Despite the clear language of the Judgment, on April 14, 2017, Walker filed a motion for sentencing transcripts in his criminal case, explaining that "[t]he sentencing hearing transcript is necessary to show that [Walker] was not ordered to start making payments immediately after sentencing through the Bureau of Prisons (FRP)." *Id*. at R. 193. Judge Guzman denied the motion without prejudice, providing the following explanation to Walker:

> In his motion, Defendant requests copies of his sentencing transcripts (at his own expense) because he believes that he should not be paying restitution immediately. The Court's judgment and commitment order, however, reflects just the opposite: it states that restitution is "due immediately" and further instructs Defendant to make monthly payments to that end. (See Dkt. # 167.) Unless Defendant believes the Court's judgment order was in error, he may not want to pay for the transcripts. Nonetheless, if Defendant indeed believes the judgment order was in error, he is free to re-file his motion for sentencing transcripts.

*Id*. at R. 194.[4]

Thus, Walker's claim that he was not ordered to begin restitution payments while he was incarcerated is simply wrong. Nor is there any merit to Walker's argument that the authority to schedule Walker's restitution payments was improperly delegated to the BOP. First, Walker's restitution payment schedule was not delegated to the BOP because the payment schedule (a minimum of ten percent of his net monthly income) was set forth by Judge Guzman in Walker's criminal Judgment. Even so, in *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001), the Sixth Circuit held that a trial court does not "impermissibly delegate a core judicial function" when it orders a defendant to pay restitution that is *due* "immediately" but which may be paid accordingly to a schedule established by the BOP under the IFRP. *Id*. at 359-61; *see also United States v. Mosher*, 493 F. App'x 672 (6th Cir. 2012); *United States v. Logins*, 503 F. App'x 345

---

[4] Walker did, in fact, re-file his motion for transcripts, although his motion was denied for failure to specify the dates for the transcripts that he was requesting. *Id*. at R. 195, 198. Walker appealed the orders on his requests for his sentencing transcript to the United States Court of Appeals for the Seventh Circuit, but his appeal was dismissed for failure to timely file a Docketing Statement in compliance with Circuit Rule 3(c). *Id*. at R. 200, 205, 209.

5

(6th Cir. 2012) (noting that under *Weinberger*, "the district court could delegate the scheduling of restitution payments so long as the court set the amount of restitution to be paid.") Under *Weinberger*, the BOP's application of the IFRP to court-ordered restitution is proper.

Nor is there any merit to Walker's suggestion that the BOP improperly coerced him into participating in the IFRP by "imposing sanctions" against him if he did not. The IFRP is voluntary, and this Court and others have repeatedly recognized that an inmate is not "forced" to participate in the program simply because his failure to do so will result in the loss of certain privileges. *See, e.g., Spann v. Smith*, No. 0:18-cv-010-HRW (E.D. Ky. 2018) ("[T]here is no merit to [petitioner's] argument that the BOP forced him to participate in the IFRP by informing him of the consequences of refusing to participate."); *Brown v. Snyder-Norris*, No. 15-cv-071-HRW, 2016 WL 1703335, *2 (E.D. Ky. 2016) ("Nor is there any merit to [petitioner's] assertion that the BOP 'coerced' him into signing an IFRP agreement by threatening to withhold certain privileges if he did not."); *Sturgeon v. Terris*, No. 13-cv-12512, 2014 WL 3778206, *4 (E.D. Mich. 2014) (rejecting a similar argument); *Rashaad v. Lappin*, No. 07-cv-408-KKC, 2008 WL 45403, *2-*3 (E.D. Ky. 2008) (While an inmate will lose certain privileges and become ineligible for certain benefits if he or she does not participate in the IFRP, 28 C.F.R. § 545.11; BOP Program Statement 5380.08 (2005), the program remains voluntary rather than mandatory because the BOP cannot compel participation). *See also United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010); *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008) (holding that federal inmate is not "forced" to participate in IFRP merely because his failure to do so will result in the loss of certain privileges). For all of these reasons, Walker's constitutional claims related to his restitution payments, including his participation (or lack thereof) in the IFRP, are both factually and legally without merit and will be dismissed for failure to state a claim for which relief may be granted.

The remainder of Walker's claims must also be dismissed for failure to state a claim for which relief may be granted. Walker's claims may only be pursued under *Bivens*, which held that an individual may "recover money damages for any injuries...suffered as a result of [federal] agents' violation of" his constitutional rights. *Bivens* 403 U.S. at 397. However, while *Bivens* expressly validated the availability of a claim for damages against a federal official in his or her individual capacity, an officer is only responsible for his or her own conduct. *Iqbal*, 556 U.S. at 676-677. *See also Ziglar v. Abbasi*, 137 S.Ct. 1843, 1860 (2017). In order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Thus, to proceed with each of his *Bivens* claims against each defendant, Walker must: 1) allege the violation of a constitutional right; 2) link his allegations to material facts; and 3) indicate what each individual defendant against whom he asserts a particular claim did to violate his constitutional rights. Walker has failed to meet any of these requirements here.

First, while Walker's complaint makes vague references to violations of his rights under the First, Fifth, and Eighth Amendments, as well as his Equal Protection rights, he fails to allege any substantive, non-conclusory facts supporting claims for relief under these constitutional provisions, nor does he otherwise provide any explanation of how his constitutional rights have been violated. While the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights

are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008). Thus, Walker has failed to sufficiently allege the violation of a constitutional right.

Next, although Walker seeks to pursue his claims against twenty-one individual defendants (including various BOP administrative officials, as well as administrative officials and Correctional Officers at FCI-Ashland), federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). However, Walker makes *no* allegations of any conduct by any particular defendant, instead making such allegations as "[a]ll of the Defendant's have denied on way or another my 1st Amendment Guarantee of Respecting an establishment of Religion, or prohibiting the free exercise thereof, and to Petition the government for a redress of grievances." [R. 1 at p. 7] To be sure, "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant," *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted). And "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Walker has failed to meet these pleading requirements here.

For all of these reasons, Walker has failed to state a claim for which relief may be granted against any of the defendants named in his complaint. Accordingly, his complaint will be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Walker's Complaint [R. 1] is **DISMISSED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's docket.

Dated April 8, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY